SAFFOLD BERNEY and Others, Respondents, *v.* ANTHONY J. DREXEL and Others, Appellants.

*Demurrer — upon the ground of a misjoinder of parties plaintiffs — the objection must be specifically stated — Code of Civil Procedure, sec. 490.*

A demurrer was interposed to the complaint in this action upon the grounds that the plaintiffs had no legal capacity to sue; that there was a defect of parties defendant, and that the complaint did not state facts sufficient to constitute a cause of action.

*Held*, that the demurrants could not sustain their demurrer by showing that it appeared from the allegations of the complaint that there was a misjoinder of parties plaintiff.

A defendant desiring to raise the objection of a misjoinder of parties plaintiff must distinctly specify this objection in his demurrer, and must point out specifically the particular defect relied upon.

MOTION for a reargument of an appeal from a judgment overruling a demurrer to the complaint.

The judgment was affirmed in May 1884, the opinion of DAVIS P. J. being reported *supra* (p. 34). The action was brought by the plaintiff, Louise Berney, as the widow, and by the other plaintiffs as the residuary legatees of Robert Berney, to recover damages for the unlawful conversion by the defendants of personal property alleged to belong to the plaintiffs.

*Tracy, Olmstead & Tracy,* for the appellants.

*Lord, Day & Lord* for the respondents.

DAVIS, P. J.:

The demurrer in this case assigned the following grounds:

*First.* That the plaintiffs had no legal capacity to sue.

*Second.* That there was a defect of parties defendant.

*Third.* That the complaint did not state facts sufficient to constitute a cause of action.

The substantial question presented on this motion, is whether on these assignments of grounds of demurrer it can be urged that the demurrants are entitled to judgment on the ground that it appears by the allegations of the complaint that there is a misjoinder of parties plaintiff. This question was not presented on the former argument by counsel, nor was it considered by the court. The allegations of the complaint do show that the title of the cause of action, and the right to maintain the same, are vested in the several plaintiffs, other than the plaintiff Louise Berney, who otherwise appears by the complaint to have an interest in the estate of her deceased husband as a beneficiary in trust, if the other plaintiffs recover. The long and short of it is that she is improperly joined as a plaintiff.

Section 488 of the Code of Civil Procedure specifies when a defendant may demur to a complaint and on what grounds. The fifth ground so specified is "that there is a misjoinder of parties plaintiff." Section 490 declares that the demurrer must distinctly specify the objections to the complaint; otherwise it may be disregarded. And it further provides that an objection taken under the fifth, sixth and seventh subdivisions "must point out specifically the particular defect relied upon."

In order therefore to take advantage by demurrer of the misjoinder of Mrs. Berney as a plaintiff in this action it was necessary that the plaintiff should not only assign as a ground of demurrer " that there is a misjoinder of the parties plaintiff," but have proceeded to point out that the plaintiff Louise Berney is improperly joined with the other plaintiffs, because she is shown to have no cause of action jointly with them; but that the sole cause of action set forth in the complaint is averred to be in the other plaintiffs exclusive of her. A demurrer with such an assignment and specification would probably have been sustained both at the special term and on appeal.

It is insisted, however, that the point can be taken under the general assignment made under the eighth subdivision of the section, to wit, " that the complaint does not state facts sufficient to constitute a cause of action," because the complaint shows affirmatively that the cause and right of action are not vested in all the parties plaintiff. There would be greater force in this contention if it were not for the fact that the present Code makes the misjoinder of plaintiffs a special ground of demurrer, and requires that when that objection is taken the demurrant must proceed to " point out specifically the particular defect relied upon." If that had been done in this case the plaintiffs could have amended the complaint by dropping out the name of Mrs. Berney altogether; or by transferring her name, if for any reason it was desirable to continue her as a party, to the rank of defendant. They are deprived of that opportunity if it be held at this stage of the case that the same point may be made under the eighth subdivision of section 488.

Besides, it may be answered that the eighth subdivision of the section does not reach any such defect. It is aimed only at a failure to state any cause of action in the complaint. Where several plaintiffs unite in bringing an action and state in their complaint facts which do constitute a cause of action in favor of one or more, but not of all the plaintiffs, a demurrer based upon an assignment of the eighth ground of the section must be overruled, because the defect is not that the complaint does not state facts sufficient to constitute a cause of action, but that it fails to show that the cause of action thus stated belongs to all the plaintiffs—which is quite another thing and belongs to another subdivision of the section.

Assuming as we do that the court did not err in holding that

facts sufficient to constitute a cause of action are stated in the complaint, it necessarily follows that a reargument would be quite unavailing to the demurrants and should therefore be denied, with the usual costs of a motion.

BRADY and DANIELS, JJ., concurred.

Motion denied, with ten dollars costs.